AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| **EMIL KENTRELL DOUGLAS** | Case Number: **4:14CR00546-RBH (1)** |
| | USM Number: <u>27603-171</u> |
| | <u>MICHAEL MEETZE, AFPD</u> |
| | Defendant's Attorney |

**THE DEFENDANT:**

■   pleaded guilty to count <u>one (1) on January 12, 2015</u> .

☐   pleaded nolo contendere to count(s) _____which was accepted by the court.

☐   was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1029(a)(1) & (c)(1)(A)(i) | Please see indictment | March 2014 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)_____.

■   Counts <u>2, 3, 4, 5 and 6</u>  ☐ is  ■ are   dismissed on the motion of the United States.

☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

<u>June 4, 2015</u>
Date of Imposition of Judgment

s/ R. Bryan Harwell

Signature of Judge

<u>Hon. R. Bryan Harwell, U.S. District Judge</u>
Name and Title of Judge

<u>June 4, 2015</u>
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Probation                                                                                                      Page 2

DEFENDANT: **EMIL KENTRELL DOUGLAS**
CASE NUMBER: **4:14CR00546-RBH (1)**

# PROBATION

    The defendant is hereby sentenced to probation for a term of three (3) years.  While on probation, the defendant shall comply with the mandatory and standard conditions of probation outlined in 18:3563(a) & (b).   The defendant shall also comply with the following special conditions:

1.    The defendant shall satisfactorily participate in a drug testing program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid."

2.    The defendant shall pay any unpaid restitution at a rate of not less than $160 per month beginning 30 days after sentencing. The defendant shall submit financial documents and verification of income to the U.S. Probation Officer as requested.  The Court reserves the right to increase payments based upon any increase in financial status.  3.The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office. 4.  The defendant shall be placed on a location monitoring program with electronic monitoring for a term of 12 months and make copayments toward this expense not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Service." 5.The defendant shall reside with his father during probation supervision.

6.    The defendant shall make reasonable efforts to maintain employment during probation supervision. 7.    The defendant shall perform 50 hours of community service work at the discretion of the U.S. Probation Officer.  As a part of this community service work, the Court recommends the defendant speak to youth groups at his church or another suitable group of individuals one hour per week in an effort to make an impact on young individuals.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    the defendant shall support his or her dependents and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Criminal Monetary Penalties
Page 3

DEFENDANT: EMIL KENTRELL DOUGLAS
CASE NUMBER: 4:14CR00546-RBH (1)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| **TOTALS** | **$ 100.00** |          | **$ 5,296.29** |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| See Attached list |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
|                   |                 |                         |                            |
| **TOTALS** | $_____ | $_____ |  |

☐   Restitution amount ordered pursuant to plea agreement     **$_____**

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
       ■       The interest requirement is waived for the ☐ fine ■ restitution.
       ☐       The interest requirement for the ☐ fine  ☐  restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments

Page 4

DEFENDANT: EMIL KENTRELL DOUGLAS
CASE NUMBER: 4:14CR00546-RBH (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of **$100.00 (special assessment) and $5,296.29 (restitution)** due immediately, balance due

    ☐ not later than _____ , or

    ☐ in accordance with  ☐ C,  ■ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g.,
    months or years), to commence _____  *(30 or 60 days)*  after the date of this judgment; or

D  ■  An unpaid restitution payment in <u>monthly</u>  installments of <u>not less than $160.00</u> to commence *30 days* after sentencing; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
    court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
■  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed __4/20/15__  and the said order is attached hereto.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

RESTITUTION PAYEES

| Bank | Name of Account Holder | Potential Loss/Credit Limit | Fraud Amount |
|---|---|---|---|
| 1. Digital Federal Credit Union | Unknown | $500 | $0 |
| 2. Digital Federal Credit Union | Unknown | $500 | $0 |
| 3. U.S. Bank National Association | Kathleen Testagrossa | $12,500 | $0 |
| 4. Capital One Bank | James M. Eidemiller | $20,000 | $0 |
| 5. Capital One Bank | Raymond R. Bergeron | $20,000 | $0 |
| 6. Capital One Bank | Richard B. Rowe | $30,000 | $0 |
| 7. Capital One Bank | Willona Torres | $10,000 | $0 |
| 8. Capital One Bank | Unknown | $500 | $0 |
| 9. Fia Card Services | Davis M. Arnold | $19,400 * | $568.88 |
| 10. Fia Card Services | Adam Spurlock | $33,200 * | $90.54 |
| 11. Chase Bank | Unknown | $500 | $0 |
| 12. Chase Bank | Timothy Songer | $10,000 | $0 |
| 13. Wells Fargo | Unknown | $500 | $0 |
| 14. Sharonview Federal Credit Union | Unknown | $500 | $0 |
| 15. Suntrust Bank | Unknown | $500 | $0 |
| 16. Wells Fargo | Elizabeth Morris | $3,700 * | $448.02 |
| 17. Wells Fargo | Diana Koval | $8,000 * | $464.08 |
| 18. Wells Fargo | Unknown | $500 | $0 |

| | | | |
|---|---|---|---|
| 19. South Carolina Federal Credit Union | Unknown | $500 | $0 |
| 20. South Carolina Federal Credit Union | Unknown | $500 | $0 |
| 21. South Carolina Federal Credit Union | Unknown | $500 | $0 |
| 22. Abri Credit Union | Unknown | $500 | $0 |
| 23. Wells Fargo | Galloway Williams | $5,000 * | $960.13 |
| 24. Citibank | Richard L. Smith | $500 | $0 |
| 25. Wells Fargo | Unknown | $500 | $0 |
| 26. Citibank | Unknown | $500 | $0 |
| 27. U.S. Bank National Association | PNC Management/ Potista Chavis | $21,000 * | $755.68 |
| 28. Founders Federal Credit Union | Unknown | $500 * | $471.93 |
| 29. New Haven Postal Employees Federal Credit Union | Unknown | $500 | $0 |
| 30. U.S. Bank National Association | Louis/Debra Stephens | $12,000 * | $1,209.21 |
| 31. Sharonview Federal Credit Union | Unknown | $500 * | $169.61 |
| **Total** | | $213,800 | $5,138.08 |

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA          )     CRIMINAL NO.: 4:14-CR-546-RBH (1)
                                  )
                    v.            )
                                  )
EMIL KENTRELL DOUGLAS             )

PRELIMINARY ORDER OF FORFEITURE AS TO
EMIL KENTRELL DOUGLAS

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Emil Kentrell Douglas ("Douglas", "Defendant"), based upon the following:

1.    On August 6, 2014, an Indictment was filed charging Douglas with the following:

> Count 1:    Use of counterfeit access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(1);
>
> Count 2:    Possession of counterfeit access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3);
>
> Count 3:    Production of counterfeit access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(4);
>
> Counts 4-6:  Aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon Douglas' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified therein, such assets include, but are not limited to the following:

A.    Cash/Currency:

$4,574.00 in U.S. currency seized on March 7, 2014
Seized from: Emil Kentrell Douglas
Asset ID: 14-USSS-000770

B.    Money Judgment[1]:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in the Indictment, or traceable to such property.

3.    On January 12, 2015, Douglas pled guilty to the use of counterfeit access devices with intent to defraud charge.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), and 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Douglas has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Emil Kentrell Douglas, in and to such property:

---

[1]    The United States is seeking a $5,138.08 money judgment against the Defendant, which is the amount of restitution.

Order, p. 2 of 5

Cash/Currency:

$4,574.00 in U.S. currency seized on March 7, 2014
Seized from: Emil Kentrell Douglas
Asset ID: 14-USSS-000770

The property is subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.     FORFEITURE IS ORDERED against Douglas and in favor of the United States in the amount of $5,138.08, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961.  The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3.     The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.     Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.     The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.      The United States shall publish notice of this Order and its intent to dispose of the forfeiture in such manner as the Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7.      Upon entry of this Order, Homeland Security Investigations or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8.      Any person, other than the named Defendant, asserting a legal interest in the property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9.      Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Order, p. 4 of 5

11.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.    Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

14.    The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ R. Bryan Harwell
R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

April 20, 2015
Florence, South Carolina